# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**RICHARD B. THORNTON**                                                 **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 3:12CV-502-S**

**STATE OF KENTUCKY** *et al.*                                      **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Richard B. Thornton filed a *pro se* civil-rights action in the United States District Court for the Southern District of Indiana (DN 1). Because Plaintiff sued Breckinridge County, Kentucky state court judges, sheriff, county attorney, circuit court clerk's office employee, and a private attorney doing business in Kentucky, the Southern District of Indiana concluded that venue is proper in the Western District of Kentucky and transferred the action to this Court (DN 5).

Despite transfer of the action to this Court, Plaintiff filed a "Memorandum" in March 2013 in the closed Southern District of Indiana case declaring, "I refuse to submit to the WD KY" (DN 16).[1] By Order entered April 30, 2013, the Honorable District Judge John G. Heyburn II recused himself from this matter, and the case was reassigned to the undersigned for all further proceedings (DN 17). The copy of that Order sent to Plaintiff was returned by the U.S. Postal Service on May 31, 2013, with the envelope marked "Refused" and "Unable to Forward" (DN 19). By Order entered June 7, 2013, the Court directed Plaintiff to show cause why this action should not be dismissed for his refusal of the Court's April 30, 2013, Order (DN 20). The Court warned Plaintiff that his failure to respond within 21 days and/or his refusal to accept the Court's Order would result in dismissal of this action pursuant to Rule 41(b) of the Federal Rules

---

[1]The Southern District of Indiana transferred the "Memorandum" to this Court for filing.

of Civil Procedure for failure to prosecute. Review of the record reveals that on July 8, 2013, the Court's Order to show cause was returned to the Court by the U.S. Postal Service with the envelope marked "Refused" (DN 23).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "The factors to consider before imposing such a dismissal are whether: 1) the failure to cooperate with the court's orders was wilful or in bad faith; 2) the opposing party suffered any prejudice; 3) the party was warned that dismissal was contemplated; and 4) less severe sanctions were imposed or considered." *Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

Plaintiff's blatant failure to participate in this action and his intentional refusal of Orders from this Court prevent adjudication of this matter, and this inaction prejudices Defendants. The Court attempted to warn Plaintiff that dismissal of his action was contemplated, but his continued refusal of Orders from this Court prevented him from receiving such notice. Finally, due to Plaintiff's failure to subject himself to this Court, no less severe sanctions can be imposed.

The Court, therefore, concludes that Plaintiff has abandoned any interest in prosecuting this action and will dismiss this action by separate Order.

Date: July 15, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Counsel of Record
4411.005